ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
2009 AUG 18 A 10: 59
CLERK

| | |
|---|---|
| FRANCISCO TIU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-029 |
| ) | |
| WALT WELLS, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Francisco Tiu, an inmate at McRae Correctional Facility in McRae, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP").[1] On June 5, 2009, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 5, p. 3). Plaintiff failed to respond.

---

[1] Plaintiff originally filed this civil action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the requisite $5.00 filing fee that must accompany such petitions. However, the petition did not challenge the validity or the execution of Plaintiff's sentence, but rather the conditions of his confinement. Accordingly, in accordance with the Prison Litigation Reform Act and the instructions in this Court's Order of May 14, 2009, (see doc. no. 3, p. 3), Plaintiff submitted an appropriate motion to proceed IFP in this civil rights action.

On July 20, 2009, the Court granted Plaintiff ten (10) additional days to comply with the terms of the Court's June 5, 2009 Order. (See doc. no. 6). Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's June 5, 2009 Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this ___ day of August, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE